By the Court, Cowen, J.
As to the first Count: If, as is suppossed by the plaintiff’s counsel, the duty of the trustees to file the report was absolute; if they had no discretion, but their duty was ministerial, then indeed there is a good deal of plausibility in this action. The plaintiff shews a neglect on their part, which was -with intent to injure him, and which has had that effect. All this .is admit *547 ted by the demurrer. But the question of duty was examined by the late chief justice, in The People, on the relation of this plaintiff, vs. The President and Trustees of the then village of Brooklyn, and he inclined strongly that the trustees had a discretion to go on or not, until the final act of confirmation by the common pleas. I lately held, also, in respect to street proceedings in the city of New-York, that the corporation there had such discretion till the final confirmation by this court. I am strongly inclined to think there is no substantial difference in the two cases. In both, the officers of the corporation had a public duty to discharge. And in general, where such a duty is imposed by statute, whether by words peremptory in themselves, as here, or merely permissive, as in the case of Néw-York, they have no discretion to refuse its ■ performance as against a party having an interest in such performance. (Malcom v. Rogers, 5 Cowen, 188, 193, 4, and the cases there cited. Holroyd, J. in Bolton v. Crowther, 4 Dowl. & Ryl. 197. Rex v. Mayor, &c. of Hastings, 1 id. 148. Rex. v. Eye, 2 id. 172,176, and note.) It will be seen by these cases, however, I apprehend, that whatever the words of the statute may be, we must look to the party for whose benefit the proceeding is to be had. In the case at bar, for instance, the statute says that, if there .be no appeal, the trustees shall cause the report to be filed at the next term, and the common pleas shall, by order, confirm it. For whose benefit is this ? Clearly for that of the public, more immediately for the benefit of that portion of the public who were residents of the village of Brooklyn. Neither make any complaint that nothing was done. In that respect, so far as the public interest and public duty of the trustees were in question, every thing is right. Did they owe any public duty, as officers, to the plaintiff? Can he complain that they have omitted to lay out streets which the public do not want? This court have already refused to put the trustees in motion, on his application for a mandamus, strongly intimating that his rights were not absolute till confirmation. As an individual, he can have no interest ex *548 cept in obtaining payment for his land; and he accordingly complains that the trustees would not put the corporation in such a position that he could compel them to pay. They say: “ We prefer, for reasons satisfactory to ourselves, to stay proceedings, at least for the present.” It is the same thing to the plaintiff. He does not, to be sure, get the money for the land; but he holds an equivalent, the land itself. He is deprived of nothing in this respect, and can have no such interest as to give the statute a mandatory operation in his favor as a mere individual.
But he complains that a cloud has been brought over his title, that he has been prevented from raising money on his land, and incurred other disadvantages by the delay. Truly, as the plaintiff’s counsel said, the action is one of the first impression, at least in this respect. He avers, that on the faith of the proceedings being consummated, he had pulled down his rope-walks and stone building on the land, and built in another place; that he has erected three new buildings in reference to one of the contemplated streets; and that the opening of the streets would have benefitted his other lands, &c. The speculative disadvantage arising from such proceedings being kept pending for a long time may be considerable; but we cannot recognize them as the subject of an action against the officers commissioned to prosecute such proceedings, or the corporation which they represent. In the nature of things, such officers must exercise a discretion on the question whether the public shall be finally committed; and courts must hold such consequences as are here complained of to be damnum absque injuria. A contrary rule would be ruinous to all those who engage as commissioners in carrying through this sort of improvement. It is said, the trustees should at least have decided one way or the other, within a reasonable time. Such is, no doubt, the duty of every officer who. is required by law to decide. But can an action be brought by a party for unreasonable delay, when the officer has a discretion to decide one way or the other? and that too in respect to a public improvement, the complainant having no individual *549 right demand that the officer shall decide oneway or the other? I think not.
As to, the second count, I do not perceive that it adds any thing material to the ground of action in the first. It states that the plaintiff agreed to waive all his rights under the proceedings, including the appointment of commissioners, and their assessment; in consideration of which the trustees agreed to raise a committee to treat with him as to the damages, they having finally resolved to go on with the streets under this new arrangement. But though requested, they refused even to raise the committee. If by this count it be intended to claim for the violation of a contract, it is improperly joined with the first count, which is in case for a tort. Beside, as the plaintiff waived no perfect right—nothing more, as we have seen, than the corporation had a right to insist on—there was no consideration for the promise. But independently of this, the whole was no more than the waiving of what I suppose the trustees thought to be an extravagant assessment, and an agreement to attempt another mode of' ascertaining the plaintiff’s claim, should the streets be finally laid out. Certainly, it added nothing to the general obligation to the trustees. They might, as before, still refuse to go forward, on the ground of the improvement being injurious or unprofitable to the public. In this respect I think that they enjoyed a discretion which individuals have no power, as such, to control; and the' trustees no power to part with. To allow that commissioners of streets and highways may bind themselves by contract to subserve the interests of individuals, would be a clear violation of public policy. They are officers of municipal corporations or quasi corporations, and in respect to the laying out of streets and highways are primarily bound to consult the interests of the community at large. Individuals can acquire no rights under their proceedings except in a certain form, and at a fixed stage; and then their rights must be enforced, not against the commissioners, but the community which they represent.
I am of opinion, therefore, that if the injury complained *550 of by the plaintiff were imputable to the village as a corporate act, to the liability for which, if any, the' city would succeed, this action is not sustainable. The plaintiff was bound to await the confirmation. But even if a right vested independently of that, an action on the case for a tort would not be the proper remedy. If .the award of damages be absolutely due, the trustees have done their duty to the plaintiff, on his showing. A perfect right would compromit the corporation as such, and the liability would devolve upon the city within its act of incorporation. (iSess. L. of 1834, p. 115, -§ 71.) The complaint of the plaintiff is, that the trustees stopped short of fixing such a liability as a debt.
But admitting that the trustees for the time being were guilty of a non-feasance, for which the plaintiff could have maintained an action; was it a corporate injury? If not, the city are not liable under the 71st section. The words are, “All debts, charges, claims and responsibilities, for which the village of Brooklyn may be now made liable, except, &c., shall be paid by the owners of lands and inhabitants within the fire and watch district- of the city of Brooklyn.” Admitting that a remedy by action will hold at all against the city for debts of the village, and waiving the doubt whether the remedy can be enforced otherwise than by taxation on the particular section, it is, I apprehend, impossible to maintain that a village corporation is liable for a wrong committed by any of its officers. It is a political body, bound, I admit, and liable to an action, when incurring a debt through its corporate officers acting within the line of their duty; but not for either a non-feasance or misfeasance committed by independent corporate officers. I speak not of banks or other private corporations; nor of turnpike companies, who are certainly liable for their agents’ omission to keep their road in repair. I concede the liability also of municipal corporations for like omissions, where the duty of repair or the like is absolute and due from them as a corporation. (Mayor of Linn v. Turner, Cowp. 86.) Such, for aught I know, would attach to our cities and in *551 corporated villages in respect to non-repair of streets. But no case has been cited wherein it has been holden, that municipal corporations are liable for omissions of a duty specifically imposed by statute on one of- their officers. In this respect the latter are quasi civil officers of the government, though appointed by the corporation. The relation of master and servant does not exist between the corporation and officers; certainly not so nearly as that between a postmaster general and his deputy; and yet the former is held not liable for the non-feasance of the latter, though he hold by the appointment of the former. (Lane v. Cotton, 1 Salk. 17.) The ground, on which Holt, C. J. dissented in the case cited was, that the deputy might be displaced at the pleasure of the principal.(a) Here the trustees cannot be removed at the pleasure of the corporation; and in regard to streets, they are to obey the statute, like town commissioners. Several cases were cited on the argument wherein it was held that such officers are liable personally, but none that the corporation who elect them is liable as such. You may as well make a town liable for the non-feasance of commissioners of highways in stopping or delaying proceedings to lay out a new road.
In any view, it appears to me this declaration is ill, and there must be judgment for the defendants.
Judgment for defendants.

 See, as to the liability of public officers for the acts of their subordinates, Story on Agency, 320, 1,327 to 333 : Story on Bail. 300 to 302.